# IN THE SUPREME COURT OF IOWA

No. 07–1856

Filed June 4, 2010

**RICHARD W. CURTIS,** On Behalf of
Himself and All Others Similarly Situated,

    Appellee,

vs.

**CITY OF BETTENDORF, IOWA,**

    Appellant.

_____

    Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.

    The city appeals from a district court ruling denying its motion for summary judgment. **DISTRICT COURT DECISION REVERSED AND CASE REMANDED.**

    Ivan T. Webber and James R. Wainwright of Ahlers & Cooney, P.C., Des Moines, for appellant.

    Terry M. Giebelstein, Thomas D. Waterman, and Richard A. Davidson of Lane & Waterman LLP, Davenport, for appellee Curtis.

    Terrence L. Timmins, Des Moines, for amicus curiae Iowa League of Cities.

    Bruce H. Stoltze of Stoltze & Updegraff, P.C., Des Moines, and Brad A. Schroeder of Hartung & Schroeder LLP, Des Moines, for amicus curiae Iowa Trial Lawyers Association.

**PER CURIAM.**

Appellee, Richard W. Curtis, filed this class action against the appellant, City of Bettendorf, for refunds of franchise fees paid on cable television services, claiming these fees were illegally exacted by the city. He sought certification of the class, judgment against the city in an amount sufficient to compensate him and the other class members for the illegal tax and interest, attorney fees, a declaration that the franchise fees are illegal and void, an injunction stopping the city from enforcing the franchise fees in the future, and other proper relief. The district court certified the class.

The city filed a motion for summary judgment claiming Iowa Code section 477A.7(5) (Supp. 2007) relieved it of any liability. Curtis acknowledged that section 477A.7(5) prospectively legalized the city's franchise fees, but resisted the retroactive application of the law claiming it was unconstitutional under the Due Process Clauses of the Federal and State Constitutions. The district court concluded section 477A.7(5) was not a curative act and held this provision violated the plaintiffs' due process rights because it impaired their vested rights. Therefore, the court denied the city's motion for summary judgment. The city filed an application for interlocutory appeal, which we granted.[1]

On appeal, the parties raise the identical issues addressed in *Zaber v. City of Dubuque*, ___ N.W.2d ___ (Iowa 2010), a decision we also file today. Upon our consideration of these issues and for the reasons set forth in our opinion in *Zaber*, we hold that section 477A.7(5) does not violate the Due Process Clause of the Fifth Amendment to the United

---

[1]This case was combined for appeal with *Kleiman v. City of Waterloo*, No. 07–1855; *Lindstrom v. City of Des Moines*, No. 07–1641; and *Zaber v. City of Dubuque*, No. 07–1819. The clerk docketed the combined appeals under No. 07–1641.

States Constitution or the due process clause of article I, section 9 of the Iowa Constitution. Because the legislature has ratified the city's past assessment and collection of franchise fees, the plaintiffs are not entitled to a refund of those fees. Therefore, we reverse the decision of the district court and remand this case to the district court for entry of summary judgment in favor of the city.

**DISTRICT COURT DECISION REVERSED AND CASE REMANDED.**

All justices concur except Wiggins and Hecht, JJ., who dissent.

This opinion shall <u>not</u> be published.

#07–1856, *Curtis v. City of Bettendorf*

**WIGGINS, Justice (dissenting).**

I dissent for the reasons stated in my dissent in *Zaber v. City of Dubuque*, ___ N.W.2d ___, ___ (Iowa 2010) (Wiggins, J., dissenting).

Hecht, J., joins this dissent.